# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RAYBON LEE MURPHY, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )     No. 20-1237-JDT-cgc |
| | ) |
| JOHN MEHR, ET AL., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

---

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

---

On October 19, 2020, Plaintiff Raybon Lee Murphy, Jr., who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore*

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, the Clerk also is required to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply when a plaintiff is granted leave to proceed *in forma pauperis*.

*v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and a copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 filing fee.

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or average monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

      Clerk, United States District Court, Western District of Tennessee,
      111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  If still confined, he shall provide the officials at the new facility with a copy of this order.  The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison.

The complaint also is before the Court for screening.  Murphy sues John Mehr, the Sheriff of Madison County; Scott Conger, the Mayor of the City of Jackson; and Jerry Gist.[2]  His claim consists of one sentence:  "I'm suing Madison County Officials because it is overcrowded people sleeping on the floor[,] black mold which is making me sick[.]" (ECF No. 1 at PageID 2.)  He states he "want[s] them to conficate [sic] me for my sickness and me having to sleep on the floor."  (*Id.* at PageID 3.)[3]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[2] Defendant Gist, identified by Murphy as the Mayor of Madison County, was County Mayor only from 2002 to 2007; he then was Mayor of the City of Jackson from 2007 to 2019. *See* Adam Friedman, *The Legacy of Jerry Gist*, The Jackson Sun, June 29, 2019, www.jacksonsun.com/story/news/politics/2019/06/29/jerry-gist-jackson-tn-mayor-legacy-madison-county/1545849001/.  It appears Murphy may intend to sue Jimmy Harris, the current Madison County Mayor.  *See* www.madisoncountytn.gov/89/County-Mayor.

[3] The Court presumes that "conficate" is intended to mean "compensate."

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create

4

a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The complaint was filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Murphy sues the Defendants in their official capacities, the claims must be treated as claims against Madison County and the City of Jackson, which may be held liable *only* if Murphy's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate such municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S.

5

112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).  Murphy's single-sentence complaint falls far short of alleging that any of his injuries were caused by an unconstitutional policy or custom of either Madison County or the City of Jackson.[4]  The complaint therefore fails to state a claim against the Defendants in their official capacities.

With regard to his claims against the Defendants in their individual capacities, Murphy alleges no actual wrongdoing against these Defendants, and when a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Moreover, Murphy cannot sue the Defendants merely because of their respective positions as Sheriff, Mayor of Jackson, and former Mayor of Madison County.  Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 556 U.S. at 676; *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).  Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Because Murphy fails to plead what actions Mehr, Conger, and Gist (or current County Mayor Harris) have taken, or failed to take, that violated his rights, he does not state a claim against them in their individual capacities.

---

[4] Murphy does not allege the City of Jackson even has the authority to control conditions at the CJC, a Madison County facility.

Murphy's allegation that black mold at the CJC is making him sick amounts to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837-38.

"Exposure to black mold may, in an appropriate case, satisfy the objective component of an Eighth Amendment violation." *Morales v. White*, No. 07-2018-STA-DKV, 2008 WL 4585340, at *14 (W.D. Tenn. Oct. 10, 2008). Murphy, however, alleges only that black mold is making him sick. (ECF No. 1 at PageID 2.) He does not describe the type or severity of any illness or symptoms that may be attributable to the exposure. Thus, he has not sufficiently alleged the objective component of an Eighth Amendment violation.

Even if it is assumed that Murphy can satisfy the objective component, he also does not sufficiently allege the subjective component of an Eighth Amendment claim. Murphy does not allege that either Mehr, Conger, or Gist knew about the mold conditions at the CJC and did nothing about them or that they were aware Murphy had any serious health needs and deliberately ignored those needs.[5] As stated, Murphy cannot sue these Defendants merely because they are, or were, in positions of authority. Rather, he must allege their personal involvement in the asserted deprivation of his rights. He does not do so.[6] *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (citing *Monell*, 436 U.S. at 691-95; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Failure to act in response to a grievance generally does not amount to the type of personal involvement that supports § 1983 liability.

Not having alleged any Defendant's personal involvement in failing to remedy the mold problem at the CJC, Murphy does not meet the subjective component of an Eighth Amendment violation. He therefore does not state any Eighth Amendment claims against Mehr, Conger, or Gist in their individual capacities.

For all of these reasons, Murphy has failed to state a claim on which relief may be granted. His complaint therefore is subject to dismissal.

---

[5] If Murphy intended to sue current Madison County Mayor Jimmy Harris instead of Gist, the same reasoning applies.

[6] Moreover, as to Defendant Conger, Murphy does not allege the Mayor of the City of Jackson has any authority to alter conditions at the CJC. Furthermore, as stated, *supra* note 2, Gist has not been the County Mayor since 2007.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d at 951; *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Murphy should be given an opportunity to amend the complaint.

In conclusion, Murphy's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and for lack of standing pursuant to Federal Rule of Civil Procedure 12(h)(3). Leave to amend, however, is GRANTED. **Any amendment must be filed within twenty-one (21) days after the date of this order, on or before November 12, 2020.**

Murphy is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.

If Murphy fails to file an amended complaint within the time specified, the Court will dismiss this case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE