UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RAYBON LEE MURPHY, JR. )<br>)<br>    Plaintiff, )<br>)<br>VS. )<br>)<br>JOHN MEHR, ET AL., )<br>)<br>    Defendants. ) | No. 20-1237-JDT-cgc |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 22, 2020, the Court dismissed the *pro se* complaint filed by Plaintiff Raybon Lee Murphy, Jr., and granted leave to file an amended complaint. (ECF No. 4.) On November 2, 2020, Murphy timely filed an amended complaint, (ECF No. 5), which is now before the Court for screening. Murphy's claims concern conditions at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, where he is incarcerated. In the amended complaint he again names Madison County Sheriff John Mehr, City of Jackson Mayor Scott Conger, and Jerry Gist, former mayor of both Madison County and the City of Jackson, as Defendants. (ECF No. 5-1 at PageID 25.)

The original complaint consisted of one sentence: "I'm suing Madison County officials because it is overcrowded people sleeping on the floor[,] black mold which is making me sick[.]" (ECF No. 1 at PageID 2.) The Court dismissed the complaint for

failure to state a claim, finding that Murphy did not allege any actual wrongdoing by the Defendants, did not sufficiently state a claim under the Eighth Amendment regarding exposure to black mold, and did not allege a basis to hold the Defendants liable in their official capacities.

In his amended complaint, Murphy complains not only about black mold and overcrowding at the CJC, (ECF No. 5 at PageID 21), but also about various other conditions, including: fire code violations, confinement in cells without hot water for more than a week at a time, "failure to maintain minimum sanitary conditions in the food storage, preparation and service areas," "failure to adequately protect inmates from likelihood of violent attacks," "failure to provide minimally adequate medical care," and "confinement of inmates in segregation status for more than one week without any opportunity for physical exercise." (*Id.* at PageID 21-22.) Murphy alleges he tested positive for the COVID-19 virus and that the CJC does not separate inmates who test positive from those who test negative. (*Id.* at PageID 21.) He further states he cannot "move around without bumping into other inmates and my sick calls are going ignored or unanswered." (*Id.* at 23.) Faucets and toilets are leaking, and his "food is being passed through uncleaned flaps that inmates sometimes throw[] bodily waste, and urine through." (*Id.*) Murphy does not specify the relief he seeks.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 4 at PageID 14-15), and will not be reiterated here.

Though Murphy now complains about more conditions at the CJC, he has not cured the deficiencies identified in the original complaint. With regard to any claims against the Defendants in their official capacities, he still does not allege that he suffered an injury that was caused by a policy or custom of Madison County or the City of Jackson. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988).

As to his individual-capacity claims, Murphy again fails to sufficiently allege any wrongdoing by the Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Murphy's amended complaint does not adequately allege either the objective or the subjective component of an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the original complaint, he alleged black mold at the CJC was making him sick; the amended complaint, however, still provides no details regarding any illness allegedly caused by the mold. Moreover, Murphy's allegation that he tested positive for COVID-19 is not, by itself, sufficient to state a claim under the Eighth Amendment. He does not allege that he actually became ill due to COVID-19 and needed medical care that was denied. He alleges only that his sick calls were ignored, without specifying the reasons for those sick calls. Even if the Court were to presume that Murphy was turning in sick calls because he was ill with COVID-19, he does not allege that either Mehr, Conger, or Gist personally had anything to do with causing him to contract the virus or with any failure to provide him with needed medical attention.

Murphy also does not allege that he was adversely affected by any food that was passed through dirty flaps, that he was injured because of bumping into other inmates, or that any of the other conditions of which he complains caused him harm for which the named Defendants are responsible.

For these reasons, the Court finds that Murphy's amended complaint also fails to state a claim on which relief can be granted. Leave to further amend is DENIED, and this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Murphy would not be taken in good faith. If Murphy nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Murphy, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE